FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 MAR -3 PM 2:32

GWENDOLA JONES THOMAS, as
Personal Representative of the Estate of
JIM ARTHUR JONES, deceased,

CASE NO.: 3:17-cv-249-J-34 PDB

    Plaintiff,

vs.

EMPIRE FIRE and MARINE INSURANCE
COMPANY,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Empire Fire and Marine Insurance Company (hereinafter "Defendant"), through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1. Plaintiff Gwendola Jones Thomas, as personal representative of the Estate of Jim Arthur Jones, has filed a civil wrongful death action in the Circuit Court in and for Duval County, Florida, Case No. 16-2017-CA-490, Division CV-D, for the death of Jim Arthur Jones arising out of an automobile accident that occurred on September 18, 2015 on Interstate 95 in St. Johns County, Florida. True and correct copies of all process, pleadings, orders, and other papers on file in the state court, as provided by 28 U.S.C. § 1446(a) and Middle District of Florida Local Rule 4.02, are attached hereto as Exhibit "A."

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and §1441.

3. Plaintiff alleges that she and the Decedent were residents of Duval County, Florida, at all relevant times. (Complaint ¶ 2). As to Plaintiff's state of citizenship, a Westlaw search reveals that Plaintiff lives at a Jacksonville, Florida address. (Exhibit "B"). She currently holds a Florida driver's license. (Exhibit "B"). The property where she resides was co-owned by Plaintiff and the Decedent.[1] (Exhibit "B"). Plaintiff was issued a Social Security Number in Florida in 1966 (Exhibit "B").

4. Defendant, at all relevant times, is a foreign corporation incorporated in Nebraska, and has its principal place of business in Illinois.

5. Plaintiff alleges the damages "exceed $15,000.00, exclusive of costs and interest." (Complaint ¶ 1). Plaintiff further contends that she seeks the follow categories of damages for the two surviving children of the Decedent: loss of support and services; loss of companionship, instruction, and guidance; and mental pain and suffering. Plaintiff also seeks medical or funeral expenses, loss of earnings and net accumulations, and any and all other damages allowable under law. (Id. at ¶ 21-22).

6. On May 9, 2016, Plaintiff's attorneys sent a demand letter to Defendant, stating, "we are formally making a demand under Murray Jones' UM coverage for policy limits." (Exhibit "C"). The policy limits are $1,000,000. (Exhibit "D"). The amount in controversy can be established by this demand, which is over thirteen times the jurisdictional amount. See Russell v. Target Corp., 2014 WL 3908171 (M.D. Fla. August 11, 2014); see also Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (holding defendant effectively amended its insufficient notice of removal by later alleging, in its opposition to remand, that the plaintiff had offered settlement for an amount greater than the jurisdictional minimum); Chase v. Shop 'N Save Warehouse Foods,

---

[1] Presumably, it is now owned solely by Plaintiff.

2

Inc., 110 F.3d 424, 428-30 (7th Cir. 1997) (noting plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").

7. Defendant is also in possession of some of the Decedent's medical bills allegedly related to the subject accident. Defendant has been able to identify the following total charges:

| | |
|---|---|
| Century Ambulance | $1,174.42 |
| St. Johns Fire Rescue | $445 |
| Emergency Resources Group | $958 |
| Financial Transaction Display from Flagler Hospital | $10,287.77 |
| Lakeside Nursing and Rehab Center-SNF | $3,701.26 |
| | $16,816.16 |
| | $14,700.54 |
| Pulmonary Associates of St. Augustine | $711.97 |
| First City Hospitalists | $1,007 |
| St. Johns Radiology Associates | $80.98 |
| | $25.96 |
| University of Florida Jacksonville Physicians | $1,816 |
| **TOTAL:** | **$51,725.06** |

(Exhibit "E"). Not included among these special damages are the claimed loss of earnings, loss of net accumulations, and funeral expenses, (Complaint ¶ 21-22), which accrued after the Decedent passed away.

8. This Notice of Removal is timely because it is filed within thirty days of the service of the Complaint, which occurred on February 2, 2017.

9. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this Court pursuant to 28 U.S.C. §1441(a).

3

10. Based on this action being a wrongful death claim with two surviving children seeking intangible damages for the loss of their father, Plaintiff's pre-suit demand, and the Decedent's medical treatment and medical bills, the damages claimed by the Plaintiff are greater than $75,000.00 exclusive of interest and costs. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

11. Pursuant to 28 U.S.C. §1446(d), Defendant has served written notice on Plaintiff of the filing of this Notice of Removal. Defendant has filed and served a true and correct copy of the Notice of Removal with the State Court, as required by 28 U.S.C. §1446(d).

12. Pursuant to the Rules of this Court, Defendant has submitted herewith a filing fee of $400.00.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from State Court.

SAALFIELD SHAD, P.A.

_____
WILLIAM T. STONE
Florida Bar No. 263397
wstone@saalfieldlaw.com
llovein@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
*Attorney for Defendant Empire Fire
and Marine Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Gary A. Roberts, Esquire, Gary A. Roberts & Associates, LLC, Primary E-mail:

garyr@garyrobertslaw.com; Secondary E-mail: odell@garyrobertslaw.com by electronic mail, this 3rd day of March, 2017.

                                        SAALFIELD SHAD, P.A.

                                        /s/ William T. Stone
                                        WILLIAM T. STONE
                                        Florida Bar No. 263397
                                        wstone@saalfieldlaw.com
                                        llovein@saalfieldlaw.com
                                        245 Riverside Avenue, Suite 400
                                        Jacksonville, Florida 32202
                                        Telephone: (904) 355-4401
                                        Facsimile: (904) 355-3503
                                        *Attorney for Defendant Empire Fire and Marine Insurance Company*