**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GWENDOLA JONES THOMAS, as
Personal Representative of the Estate of
JIM ARTHUR JONES, deceased,

       Plaintiff,

vs.
       Case No. 3:17-cv-249-J-34PDB

EMPIRE FIRE AND MARINE INSURANCE
COMPANY,

       Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 3, 2017, Defendant Empire Fire and Marine Insurance Company (Empire Fire) filed a notice of removal notifying the Court of its intent to remove this action to the

United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See generally Defendant's Notice of Removal (Doc. 1; Notice).  Specifically, Empire Fire asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. See id. ¶¶ 2, 3-4, 10.  In support of this assertion, Empire Fire cites to the Complaint for Damages and Demand for Jury Trial (Doc. 2; Complaint) and asserts that "Plaintiff alleges that she and the Decedent were residents of Duval County, Florida, at all relevant times." Id. ¶ 3.  Empire Fire then alleges additional information "[a]s to Plaintiff's state of citizenship," specifically that she currently lives in Florida, holds a Florida driver's license, owns the property where she lives, and was issued a social security number in Florida in 1966. Id.  However, upon review of the relevant authority, the Court determines that the Notice does not adequately identify Plaintiff's citizenship for purposes of diversity jurisdiction, and the Complaint does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

Gwendola Jones Thomas filed this lawsuit as the personal representative of the estate of Jim Arthur Jones. See Complaint at 1.  When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled

2

at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007).  Neither the Notice of Removal nor the Complaint identifies Jim Arthur Jones' citizenship.[1]  See Notice ¶ 3; Complaint ¶ 2.  Because the Notice fails to allege the citizenship of Jim Arthur Jones at the time of his death, the Court finds that Empire Fire has not alleged the facts necessary to establish the Court's jurisdiction over this case.  In light of the foregoing, the Court will give Empire Fire an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[2]  Accordingly, it is

**ORDERED**:

Defendant Empire Fire and Marine Insurance Company shall have up to and including **March 21, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[1] Although the Notice and Complaint identify the Decedent's residence at the time of his death, this is insufficient to allege his state of citizenship.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  Thus, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3

lc11
Copies to:

Counsel of Record
Pro Se Parties

lc11